IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTHUR LEE BERRY, #10049096,<br>Plaintiff, | § § § | |
| v. | § | 3:10-CV-2160-D (BK) |
| JUSTIN SCOTT BENNETT, et al.,<br>Defendants. | § § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for screening.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff, a pretrial detainee at the Dallas County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against Peace Officer Justin Scott Bennett and the Dallas Police Department. No process has been issued pending preliminary screening. In his November 8, 2010, response to the magistrate judge's questionnaire, Plaintiff named Police Officer Elizondo Ernest, Sgt. Cozby, and Heartland Security Officer T. Hudgins as defendants in lieu of the Dallas Police Department. (See Doc. # 5 at Answer 10.) The court has directed the Clerk to add the new defendants to the docket sheet.

The complaint, as supplemented by the answers to the questionnaire, requests that Officer Bennett be criminally prosecuted and fired and that Plaintiff be released from confinement and compensated for violation of his civil rights. (Doc. #1 at 4, and Doc. #5 at Answer 3-5 and 11.) Plaintiff alleges that Bennett has repeatedly harassed him since July 7, 2008, when he falsely accused and arrested him on robbery charges. (Doc. #5 at Answer 3-5.) Plaintiff remained

incarcerated for 74 days before the robbery charges were dismissed because of a "no bill" of indictment. (*Id.*)

On July 3, 2010, Plaintiff was detained by Security Officer Hudgins for criminal mischief. (Doc. #1 at 4.) During his detention, Bennett allegedly "observed a case fall out of [Plaintiff's] pocket'" containing a substance which later tested positive for cocaine. (*Id.*) According to Plaintiff, Bennett "planted [the] cocaine on [him] in an aluminum altoids container that he . . . observed fall out of [Plaintiff's] left front pants pocket." (Doc. #5 at Answer 5.) Plaintiff was then arrested for possession of cocaine and criminal mischief. (Doc. #1 at 4; Doc. #5 at Answers 1-2 and 7.) Following his arrest, Plaintiff appeared before a magistrate judge on the cocaine possession charge. *See State v. Berry*, Nos. F10-57641 (Crim. Dist. Court No. 1) docket sheet available on Dallas County's website. Then, on August 5, 2010, a grand jury indicted him for possession of cocaine. *Id.*

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). *See also* 28 U.S.C. § 1915A(a) (authorizing screening of prisoner actions). Those statutes provide for *sua sponte* dismissal of a complaint if the court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory . . . ." *Id.* at 327.

The court liberally construes Plaintiff's complaint with all possible deference due a *pro se*

litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, the complaint lacks an arguable basis in law and should be dismissed as frivolous.

      A.      <u>Criminal Prosecution Claim</u>

Plaintiff requests that Officer Bennett be criminal prosecuted for "harassment" under state or federal law. (Doc.#1 at 4.) Such request is not cognizable in a section 1983 action. The prosecution of state or federal criminal offenses falls within the exclusive jurisdiction of the executive branch of the state and federal government. *See Pierre v. Guidry*, 75 F. Appx. 300, 300 (5th Cir. 2003) (unpublished *per curiam*) (citing *Cort v. Ash,* 422 U.S. 66, 79 (1975)) (plaintiff "has no right to bring a private action under federal criminal statutes"); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) ("the decision to file or not file criminal charges falls within th[e] category of acts that will not give rise to section 1983 liability").

      B.      <u>Release from Confinement Claim</u>

Likewise, Plaintiff's request for release from confinement is not cognizable in a section 1983 action. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 4889 (1973)). Accordingly, Plaintiff's request for release from confinement -- construed as a claim for habeas corpus relief -- should be dismissed without prejudice to Plaintiff's right to re-file after exhausting his state habeas corpus remedies. *See* 28 U.S.C. § 2254(b).

C.      Dallas Police Department

In addition to the individual defendants, Plaintiff sues the Dallas Police Department. However, a plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the United States Court of Appeals for the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. Thus, Plaintiff seeks relief in this case from an entity that is not subject to suit under section 1983. *See Clayton v. Garland Police Dep't*, 2010 WL 2640258, (N.D. Tex. May 11, 2010), report and recommendation adopted, 2010 WL 2605258 (N.D. Tex. Jun. 28, 2010). Accordingly, his claims against the Dallas Police Department are frivolous and subject to dismissal at the screening stage.[1]

D.      False Arrest and False Imprisonment Claims

In light of Plaintiff's *pro se* status, the Court liberally construes the complaint and answers to the questionnaire to allege false arrest and false imprisonment against the individual officers who arrested him.

1.      July 7, 2008, Arrest by Officer Bennet

More than two years have elapsed since Plaintiff's July 7, 2008, arrest and his September

---

[1] *Pro se* plaintiffs who name a non-jural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action. *See Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993). In this instance, the Court gave Plaintiff such an opportunity in the questionnaire, and the police officers who arrested him on July 3, 2010, have been added to the case as defendants pursuant to Plaintiff's response. (See Doc. # 5 at Answer 10.)

4

18, 2008, release following the return of the no bill of indictment.² *See Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (section 1983 actions in Texas are governed by the two-year personal injury limitations period; court can raise affirmative defense of statute of limitations *sua sponte* in prisoners *in forma pauperis* actions); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2010). Therefore, Plaintiff's false arrest and false imprisonment claim stemming from his July 7, 2008, arrest is clearly barred by the two-year statute of limitations.³

Plaintiff cannot demonstrate that he is entitled to equitable tolling of the limitations period because of a "legal disability." *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.001 (West 2010) ("a person is under a legal disability if the person is: (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind."). Nor does his imprisonment toll the statute of limitations under Texas law. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

### 2. July 3, 2010, Arrest by Ernest, Cozby, Hodgins and Bennett

In *Wallace v. Kato*, 549 U.S. 384, 388 (2007), the Supreme Court concluded that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter" and that it would "refer to the two torts together as false imprisonment." *Id.* at 1095. The Court noted that "[t]he sort of unlawful detention remediable by the tort of false imprisonment is detention *without legal*

---

² The court confirmed the return of the "no bill" on the Dallas County's website. *See* Nos. F08-57642 and F08-57643.

³ The earliest possible date on which Plaintiff's complaint can be deemed filed is October 20, 2010, the date he signed it and presumably handed it to prison officials for mailing. (Doc. #1 at 5.) *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (relying on *Houston v. Lack*, 487 U.S. 266 (1988), to hold that a *pro se* prisoner litigant's section 1983 complaint is filed as soon as the pleading is deposited into the prison mail system).

*process*," and that "[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." *Id.* at 389. "Reflective of the fact that false imprisonment consists of detention without legal process, false imprisonment ends once the victim becomes held *pursuant to such process* – when, for example, he is bound over by a magistrate or arraigned on charges." *Id.*

Following this logic, the United States Court of Appeals for the Fifth Circuit has recognized that to prevail on a false arrest/false imprisonment claim, the arrestee must show that the officer did not have probable cause to arrest him. *See Haggerty v. Texas Southern University*, 391 F.3d 653, 655-56 (5th Cir. 2004).

> We have held that "if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Taylor v. Gregg,* 36 F.3d 453, 456 (5th Cir. 1994). However, the chain of causation remains intact if "it can be shown that the deliberations of that intermediary were in some way tainted by the actions of the defendant." *Hand v. Gary,* 838 F.2d 1420, 1428 (5th Cir. 1988). "[T]he chain of causation is broken only where all the facts are presented to the grand jury, or other independent intermediary where the malicious motive of the law enforcement officials does not lead them to withhold any relevant information from the independent intermediary." *Id.*

*Cuadra v. Houston Indep. School Dist.*, __ F.3d ___, 2010 WL 4629002, *4 (5th Cir. Nov. 17, 2010).

Here, the court before which Plaintiff appeared and grand jury that returned the indictment qualified as independent intermediaries. In answer to the questionnaire, Plaintiff alleges that Bennett planted the cocaine in the container that fell out from his pocket. (Doc. #5 at Answer 5.) However, he does not assert, in either the complaint or the answers to the questionnaire, that Bennett or any other officer tainted or interfered in any way with the court appearance or grand jury indictment. A plaintiff must assert more than "mere allegations of 'taint'" to raise an

6

arguable claim. *See Cuadra*, 2010 WL 4629002, *4 ("mere allegations of 'taint,' without more, are insufficient to overcome summary judgment."). Under the facts alleged, the court concludes that Plaintiff's court appearance and grand jury indictment broke the chain of causation, foreclosing any claim predicated upon a theory of false arrest and false imprisonment. Accordingly, the false arrest and false imprisonment claims stemming from the July 3, 2010, arrest lack an arguable basis in law should be dismissed.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the section 1983 complaint be **DISMISSED** with prejudice as frivolous, *see* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), and that the request for release from confinement -- construed as a claim for habeas corpus relief -- be **DISMISSED** without prejudice to Plaintiff's right to re-file after exhausting his state habeas corpus remedies, *see* 28 U.S.C. § 2254(b). The dismissal of the section 1983 complaint will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

SIGNED December 6, 2010.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] Section 1915(g), commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE